IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GAYLE ZIMMERMAN                                                                  PLAINTIFF

V.                                           5:17CV00160 JM

THE ARKANSAS DEPARTMENT OF FINANCE
AND ADMINISTRATION, and BETTY JUDKINS,
In her individual and official capacity                                          DEFENDANTS

## ORDER

Pending is the Defendants' Motion to Dismiss. In her response, "Plaintiff Gayle Zimmerman, respectfully requests that Defendants' Motion to Dismiss be denied to the extent that her reinstatement claim, and her individual capacity action claims be permitted to proceed." (ECF No. 13 at p. 7). Because this statement is vague, the Court will consider all of the claims made by the Plaintiff.

Plaintiff has made the following claims against the Arkansas Department of Finance and Administration ("DFA") and Betty Judkins: gender and race[1] discrimination and retaliation under Title VII and the Arkansas Civil Rights Act, gender discrimination in violation of the Equal Protection Act via 42 U.S.C. § 1983; age discrimination under ADEA, a retaliation claim under 42 U.S.C. §1981, and state laws claims of wrongful discharge, tort of outrage and intentional infliction of emotional distress.

I.      Factual Allegations

According to the Complaint, Plaintiff's employment as an Attorney Specialist with DFA was terminated in February 2013. Plaintiff alleges that in July 2011 she was directed to

---

[1] The Court notes that Plaintiff's only mention of "race" discrimination is on page 2 of her Complaint where she states that the Court has jurisdiction over her Title VII claims on the basis of equal pay, race and gender. Out of an abundance of caution, the Court will analyze this claim.

1

perpetrate a "fraud" upon a court and when she refused, her relationship with the managing attorney "began to deteriorate." *Id.* In 2012, Plaintiff claims that she had a difference of opinion with Judkins regarding her ethical responsibility to her client, DFA. As a result of the disagreement, Plaintiff's relationship with Judkins began to deteriorate.

Plaintiff alleges that she was denied training and copies of the Arkansas Criminal Code and the Rules of Criminal Procedure by DFA and Betty Judkins because Plaintiff chose to hire an over-50 year old African American female as her legal assistant instead of the 22 year old Caucasian female candidate. Plaintiff alleges that she was unable to timely complete her tasks because Judkins denied training to Plaintiff in retaliation for hiring the older African American legal assistant. Plaintiff claims that a male attorney was given "a criminal code and rules or [sic] procedure along with the periodic updates." (ECF No. 1 at p. 5). She contends that although she continued to have difficulties doing her job because of her inadequately trained clerical help, her requests to the Defendants for training were denied. In March 2012, Plaintiff took her complaints to Dan McDonald, an administrator in the Office of Child Support Enforcement central office. She again received "no relief for her concerns." *Id.* at 11. In late 2012, Plaintiff complained directly to then Governor Mike Bebee. Plaintiff alleges that the Defendants were unhappy with Plaintiff's complaints and terminated her.

II.    Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152

2

L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at 1966 (internal citations omitted).

It is also true that "a plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . , rather than facts that are merely consistent with such a right. While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citations omitted)).

III. Analysis

A. §§ 1981 and 1983

1. Immunity

The Court considers Ms. Zimmerman's claims under 42 U.S.C. §§ 1981 and 1983 together because a federal action to enforce rights under § 1981 against a state actor may only be

3

brought pursuant to § 1983. *Artis v. Francis Howell N. Band Booster Ass'n, Inc*., 161 F.3d 1178, 1181 (8th Cir.1998).

Plaintiff's § 1981 and § 1983 claims against the DFA and all damages claims against Judkins in her official capacity are barred by Eleventh Amendment Immunity. The Supreme Court has held that the Eleventh Amendment extends to preclude suits against a state, state agency, entity or institution by its own citizens as well as citizens of another state or citizens of any foreign state. *Edelman v. Jordan*, 415 U.S. 651 (1974), *Alabama v. Pugh*, 438 U.S. 781 (1978). Additionally, the Eleventh Amendment prohibits federal court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially for the recovery of money from the state. *Johnson v. Outboard Marine Corp*., 172 F.3d 531, 535 (8th Cir.1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Moreover, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under §1983" when sued for damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's § 1981 and §1983 claims against the DFA and Judkins in her official capacity to recover damages are dismissed.

    2.  <u>Statute of Limitations</u>

Plaintiff's remaining § 1981 claims are barred by the statute of limitations. Claims brought under § 1981 are governed by a four-year federal statute of limitations. *See* 28 U.S.C. § 1658; *Jackson v. Homechoice, Inc.*, 368 F.3d 997, 999 (8th Cir.2004).

The instant case was filed on June 8, 2017, more than four years from the date that Plaintiff was terminated in February 2013. There has been no request for, or information regarding, equitable estoppel in the Complaint. Therefore, all of Plaintiff's § 1981 claims must be dismissed because they are time-barred.

4

Section 1983 claims are not governed by the four-year federal statute of limitations. In Arkansas, § 1983 claims are governed by the three-year statute of limitations provided in Ark. Code Ann. § 16-56-105(3). Thus, plaintiffs bringing § 1983 claims in Arkansas are entitled to the benefits provided by the Arkansas savings clause, Ark. Code Ann. § 16-56-126. Plaintiff originally filed an almost identical claim in this Court on December 3, 2013 and voluntarily dismissed the case on June 10, 2016. "[T]he plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed." Ark. Code Ann. § 16-56-126. Plaintiff refiled this case on June 8, 2017, within the one-year provided by the savings clause.

3. Sufficiency of the § 1983 Claims

As stated, DFA is immune from all § 1983 claims and Judkins, in her official capacity, is immune from suit under § 1983 for monetary damages. Plaintiff has also alleged claims of gender discrimination in violation of the Equal Protection Act pursuant to 42 U.S.C. § 1983 against Judkins in her individual capacity for monetary damages and Judkins in her official capacity for injunctive relief.

"[T]he Equal Protection Clause requires that the government treat such similarly situated persons alike." *Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013). In the Complaint, Plaintiff alleges that she was treated differently than a white male attorney. "Plaintiff requested legal materials that would aid in prosecuting criminal cases and such was not received, although a male attorney in the same office had received the legal materials." (Complaint, ECF No. 1 at p. 5). An employer's failure to provide the Federal Rules of Criminal Procedure to an employee does not rise to the level of a constitutional violation. There are no additional allegations of unequal treatment of Plaintiff compared to a similarly situated individual who was not in a suspect class. Plaintiff's § 1983 claim of gender discrimination is dismissed.

Although it is unclear from the Complaint, it appears that Plaintiff may be making a retaliation claim under § 1983. "[N]o established right exists under the equal protection clause to be free from retaliation." *Burton v. Arkansas Secretary of State,* 737 F.3d 1219, 1237 (8th Cir.2013). Such a right only exists under the First Amendment. *Id.* Plaintiff does not reference the First Amendment in her Complaint. *See Wilson v. Arkansas State Highway & Transp. Dep't*, 2015 WL 520734, at *18 (E.D. Ark. 2015).

B. ADEA

1. Immunity

Plaintiff's claims under the ADEA are barred by immunity. *See Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (holding that Congress did not validly abrogate the states' sovereign immunity to damages suits under the ADEA). Accordingly, Plaintiff's ADEA claims for monetary damages against DFA and Judkins in her official capacity are dismissed. Plaintiff's individual claims pursuant to the ADEA are also dismissed as the ADEA addresses the conduct of employers and does not impose individual liability on supervisors or co-workers. *See Powell v. Yellow Book USA, Inc*., 445 F.3d 1074, 1079 (8th Cir.2006)(citing *Smith v. St. Bernards Reg'l Med. Ctr*., 19 F.3d 1254, 1255 (8th Cir.1994)).

2. Statute of Limitations

Plaintiff's remaining ADEA claim is also time-barred. 29 U.S.C. § 626(e) provides a 90-day limitation period for filing an ADEA lawsuit upon notification of the right to sue. Plaintiff received her right to sue from the EEC on August 28, 2013 and filed this suit on June 8, 2017, well past the 90 day deadline. Plaintiff does not state that she is entitled to equitable tolling. Therefore, her ADEA claims are time-barred.

C. Title VII

As stated, Plaintiff did not file this suit within 90 days of receiving her right to sue notice as required under 42 U.S.C. § 2000e. Therefore, her Title VII claims are also time-barred.

D. State Law Claims

After dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(a), (c); *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.")

IV. Conclusion

For these reasons, Defendants' motion to dismiss (ECF No. 3) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 2nd day of February, 2018.

_____
James M. Moody Jr.
United States District Judge